IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Estevan Campechano, <br><br> *Plaintiff*, <br><br> v. <br><br> Raymundo Camacho Luna, <br> d/b/a Tejas Cafe and <br> Big Tejas Steak House & Mexican Food, <br><br> *Defendant*. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 5:18-cv-42 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Estevan Campechano, Plaintiff, complains of and against Raymundo Camacho Luna d/b/a Tejas Cafe and Big Tejas Steak House & Mexican Food, Defendant, and for cause of action, shows:

### I.   INTRODUCTION

1. This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. § 201 et seq. This action is brought by a non-exempt worker employed by Defendant as a food-service employee in and around Bexar County, Texas. Throughout Plaintiff's employment with Defendant, Defendant failed to pay Plaintiff the required overtime pay for all hours worked in excess of forty (40) hours during each workweek. Defendant also failed to pay Plaintiff at least the federally mandated minimum wage for each hour he worked in a workweek. Accordingly, Plaintiff seeks unpaid overtime and minimum wages, liquidated damages, costs of

court, and attorney's fees pursuant to 29 U.S.C. § 216(b), or in the alternative the Texas Minimum Wage Act, Tex. Labor Code § 62.001 *et seq*.

## II.   JURISDICTION AND VENUE

2. Plaintiff brings this case to recover unpaid overtime and minimum wage compensation under 29 U.S.C. § 201, *et seq*. As such, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to the following:

    a.   28 U.S.C. § 1331 (Federal Question);

    b.   28 U.S.C. § 1337 (Interstate Commerce); and

    c.   29 U.S.C. § 216(b) (FLSA).

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because the state law claim is so related to the federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

4. Inasmuch as Defendant's principal place of business is in Bexar County, Texas, and all or a substantial part of the acts or omissions giving rise to Plaintiff's cause of action occurred in or around Bexar County, Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b).

## III.   PARTIES

5. Plaintiff Estevan Campechano is an individual residing in Bexar County, Texas.

6. Defendant Raymundo Camacho Luna d/b/a Tejas Cafe and Big Tejas Steak House & Mexican Food is an individual who may be served with process at his principal place of business at 12122 O'Connor Road, San Antonio, 78233, Bexar County, Texas.

## IV.     STATEMENT OF FACTS

7. From approximately September 2000 through November 2017, Plaintiff was employed by Defendant at multiple restaurants owned and operated by Defendant in and around Bexar County, Texas, including but not limited to Tejas Cafe located at 12122 O'Connor Road, San Antonio, Texas 78233; Big Tejas Steak House & Mexican Food located at 11985 US-87, La Vernia, Texas 78121; and the recently closed Tejas Steaks & Mexican Food located at 13515 US Hwy 87 South, Adkins, Texas 78101.

8. As Defendant's employee, Plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203.

9. Throughout his employment with Defendant, Plaintiff handled goods or materials that had been moved in or produced for commerce, including, but not limited to foodstuffs, kitchen tools, and cleaning materials.

10. Defendant's restaurant operation is, and has been for all times relevant to this action, an enterprise that has, at any given time, employed more than two (2) employees who handle and work with goods that have been moved in or produced for commerce.

11. Defendant's restaurant operations are an enterprise engaged in commerce whose gross annual volume of sales exceeds, and has for all times relevant to this action exceeded, $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

12. Defendant recruited, hired, and employed Plaintiff to perform food preparation duties and related activities.

13. In each workweek, Defendant failed to compensate Plaintiff by paying at least the federally mandated minimum wage for each hour that Plaintiff worked.

14. In each workweek in which Plaintiff worked in excess of forty (40) hours, he was not fully paid one-and-a-half times his regular rate for all hours he worked over forty (40).

15. Plaintiff frequently worked more than eighty (80) hours per workweek while employed by Defendant.

16. Defendant had a practice and policy to pay Plaintiff the same hourly rate for all hours worked, including those hours worked in excess of forty (40) hours in a workweek.

17. At all times relevant to this action, Defendant knowingly, willfully, or with reckless disregard, carried out his illegal pattern or practice of failing to pay the required minimum wage and overtime compensation due to Plaintiff.

18. At all times relevant to this action, Defendant failed to maintain complete and accurate records of Plaintiff's hours of work and compensation as required by the FLSA.

19. All of the actions and omissions alleged in the paragraphs above were undertaken by Defendant either directly or through his agents.

20. At all times relevant to this action, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff. Facts demonstrating that Defendant was Plaintiff's employer include, but are not limited to, the following:

    a. Defendant possessed the authority to hire and fire Plaintiff;

    b. Defendant controlled and supervised the work performed by Plaintiff;

    c. Plaintiff was economically dependent on Defendant for the terms and conditions of his employment; and

    d. Defendant possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, timekeeping, payroll, and disciplinary practices.

21. All conditions precedent have been performed or have occurred.

## V. CAUSES OF ACTION:

### I. FAIR LABOR STANDARDS ACT – MINIMUM WAGE

22. Plaintiff reincorporates and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

23. At all times relevant as described herein, Plaintiff was employed by Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g).

24. Defendant failed to pay Plaintiff at least the required minimum wage for each hour that Plaintiff worked in each discrete workweek, in violation of 29 U.S.C. § 206.

25. For these violations, Plaintiff is entitled to recover his unpaid minimum wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

26. The above-described actions of Defendant violated Plaintiff's minimum-wage rights under the FLSA for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b).

### II. FAIR LABOR STANDARDS ACT – OVERTIME

27. Plaintiff reincorporates and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

28. At all times relevant as described herein, Plaintiff was employed by Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g).

29. Defendant failed to pay Plaintiff one-and-a-half times his regular rate for each hour that Plaintiff worked in excess of forty (40) hours in each discrete workweek, in violation of 29 U.S.C. § 207.

30. For these violations, Plaintiff is entitled to recover his overtime wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

31. The above-described actions of Defendant violated Plaintiff's rights under the FLSA for which Plaintiff is entitled to relief pursuant to 29 U.S.C. § 216(b). Plaintiff attaches hereto his consent to sue. *See* Exhibit A.

### III.    TEXAS MINIMUM WAGE ACT

32. Plaintiff reincorporates and re-alleges each of the foregoing paragraphs of this Petition as if fully set forth herein.

33. Pursuant to Fed. R. Civ. P. 8(d)(2) and in the alternative to Plaintiff's Fair Labor Standards Act cause of action, the above-described actions of Defendant violated Plaintiff's rights under the Texas Minimum Wage Act, for which Plaintiff is entitled to relief pursuant to Tex. Labor Code § 62.201.

34. For these violations, Plaintiff is entitled to recover minimum wage for hours worked in the course of performing his duties as Defendant's employee, an equal amount in liquidated damages, attorneys' fees, and costs of court, pursuant to

Tex. Labor Code §§ 62.201, 62.205.  Plaintiff attaches hereto his verification of this Original Complaint. *See* Exhibit B.

35. Plaintiff has fulfilled all prerequisites and/or requirements to bringing this suit and obtaining the relief sought herein.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a. Declare that Defendant, by his acts and omissions described above, violated Plaintiff's rights under the FLSA;

b. Award Plaintiff his unpaid overtime wages, plus an equal amount in liquidated damages, for Defendant's violation of the FLSA overtime provisions, 29 U.S.C. § 207;

c. Award Plaintiff his unpaid minimum wages, plus an equal amount in liquidated damages, for Defendant's violation of the FLSA minimum-wage provisions, 29 U.S.C. § 206; or, in the alternative, the Texas Minimum Wage Act;

d. Award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 216(b); or in the alternative Tex. Labor Code § 62.205;

e. Award Plaintiff his costs of court; and

f. Award Plaintiff such other relief as this Court deems just and proper.

Dated:  January 12, 2018.

Respectfully submitted,

EQUAL JUSTICE CENTER
8301 Broadway Street, Suite 309
San Antonio, Texas 78209
Phone: (210) 308-6222
Fax: (210) 308-6223

/s/ Colleen Mulholland
Colleen Mulholland
State Bar No.: 24091765
Phone: (210) 308-6222 x 101
Email: cmulholland@equaljusticecenter.org

Philip J. Moss
State Bar No.: 24074764
Phone: (210) 308-6222 x 102
Email: pmoss@equaljusticecenter.org

ATTORNEYS FOR PLAINTIFF